OPINION OF THE COURT
C. Raymond Radigan, J.
The decedent, Patricia Bourcet, died on July 6, 1995, leaving a last will and testament dated November 26, 1991, which was duly admitted to probate by a decree of this court dated July 29, 1996.
Paragraph third provides: "I give, devise and bequeath all the rest, residue and remainder of my estate to my Trustees as named in a Revocable Trust Indenture dated the 26th day of November, 1991, heretofore made between myself, as Settlor, and said Trustees. Said property is to be held by said Trustees, in trust, and is to be administered by said Trustees under the provisions of said Trust Agreement.”
*145 A trust agreement was executed on November 26, 1991. The agreement was signed by Patricia Bourcet and David Bourcet, as cotrustees. It is undisputed that the trust was unfunded prior to Patricia Bourcet’s death. The petitioner alleges that the trpst is invalid. First, she contends that the trust was not acknowledged with the statutory formalities. Second, she alleges that the trust was not effective because it was not funded prior to death.
The cases cited by the petitioner are not dispositive on the issue of adequate funding. In New York, EPTL 3-3.7 controls. EPTL 3-3.7 (former [a]), prior to the 1997 amendment (L 1997, ch 139, § 5, eff June 25, 1997), provided: "A testator may by will dispose of or appoint all or any part of his estate to a trustee of a trust, the terms of which are evidenced by a written instrument executed by the testator, the testator and some other person, or some other person, including a trust established for the receipt of the proceeds of an annuity or pure endowment contract, or of a thrift, savings, pension, retirement, death benefit, stock bonus, or profit-sharing plan or system or a funded or unfunded life, group life, industrial life or accident and health insurance trust although the settlor has reserved any or all rights of ownership of the insurance contracts, regardless of the existence, size or character of the corpus of such insurance trust or other trust; provided that such trust instrument is executed and acknowledged by the parties thereto in the manner required by the laws of this state for the recording of a conveyance of real property, prior to or contemporaneously with the execution of the will, and such trust instrument is identified in such will.”
The statute in effect in 1966 and the current statute are ambiguous with respect to the requirement that the trust be funded prior to the death of the testator. Both statutes provide that the existence, size or character of the corpus are not significant for an insurance trust or "other trust.” One interpretation is that the phrase "other trust” relates to those trusts specifically enumerated (i.e., thrift, savings, pension, etc.). An alternative interpretation is that "other trust” refers to all inter vivos trusts.
The objective in construing a statute is to give effect to the legislative intent (Matter of New York Post Corp. v Leibowitz, 2 NY2d 677). When the language of a statute is ambiguous, resort may be had to the legislative history (Rankin v Shanker, 23 NY2d 111), including the reports of .law revision commissions (2A Sutherland, Statutory Construction § 48.09 [Singer 5th ed]).
*146 The clause which enumerates certain trusts was added by an amendment in 1967 (L 1967, ch 686, § 22). Prior to the amendment, the statute provided: "A testator may, by will or codicil, devise, bequeath or appoint real or personal property or any interest in such property, to a trustee or trustees of a trust, the terms of which are evidenced by a written instrument executed by the testator, the testator and some other person or persons, or some other person or persons, including a funded or unfunded life insurance trust, although the settlor or settlors have reserved any or all rights of ownership of the insurance contracts and regardless of the existence, size or character of the corpus of such life insurance trust or other trust, provided that such instrument be executed and acknowledged by the parties thereto, in the manner required under the laws of the state of New York for the recording of a conveyance of real property, prior to or contemporaneously with the execution of the testator’s will or codicil and identified therein.” (Decedent Estate Law § 47-g.)
The language of the pre-1967 statute was unambiguous in its reference to other trusts. It clearly included all trusts.
Decedent Estate Law § 47-g, which preceded EPTL 3-3.7, was enacted following the Second Report of the Temporary Commission on Estates, which recommended that pour-overs be permitted into unfunded trusts. The Commission stated: "It is recommended that New York enact one or more 'pour-over’ statutes permitting a testator to devise, bequeath or appoint property * * * to the trustee of an inter vivos trust * * * Such statute should permit the receptable trust to be amended * * * and such trust need not be funded, it being sufficient in the case of a 'pour-over’ to an inter vivos trust that the instrument creating the trust be in existence at the date of the execution of the will and identified therein” (2d Report of Temp St Commn on Estates, 1963 NY Legis Doc No. 19, at 287).
EPTL 3-3.7 (a) has been construed in prior decisions to permit pour-overs into unfunded trusts (Matter of Sackler, 145 Misc 2d 950; Matter of Edson, NYLJ, Nov. 1, 1994, at 32, col 6).
Applying the statutory rules of construction, the result is the same. Where general words appear at the end of a sentence and follow several possible antecedents, they usually refer to and modify the whole sentence and not merely the last preceding antecedent (McKinney’s Cons Laws of NY, Book 1, Statutes § 254). Thus, the phrase "other trusts” at the end of the sentence identifies the subject and includes both the trusts enumerated and the general reference to trusts at the begin *147 ning of the paragraph (Temple Marble & Tile v Union Carbide Marble Care, 87 NY2d 574).
It is noted that EPTL 7-1.18 (added by L 1997, ch 139, § 3, eff Dec. 25, 1997), which requires that property transferred to an inter vivos trust be properly identified, does not impact on EPTL 3-3.7.
The trust in question was acknowledged in accordance with the statutory requirements.
Accordingly, the court finds that the trust is valid. The court lacks jurisdiction to determine the cross petition for reformation of the trust as citation must issue to all interested persons.